[No. 3,047.]

# HENRY B. PLATT v. JOHN JONES, HENRY NEILSON, WILLIAM BIHLER, ANDREW FISK, JOHN C. FISK, M. T. McCLELLAN, ANDREW KNIPP, CHRISTIAN STENGLE, M. V. B. MORIN, NELSON MORIN, AND JOSIAH MORIN.

CONSTRUCTION OF DEED—DESCRIPTION.—Where a deed described a portion of the German Rancho "beginning at the distance of one and a fourth leagues, Spanish measure, from the northwest end of said rancho at a point on the shore of the Pacific Ocean; thence running a direct line to the northern boundary of said rancho one league; thence along said northern boundary one league, Spanish measure; thence in a southern direction to the Pacific Ocean, so as to include the improvements and house of said Hugal, and to include a quantity of land equal to one Spanish league;" and all the lines were agreed on except the third call "in a southern direction:" *Held*, that this line must deflect from a right angle with the northern line to such an extent as to include one league, and as much more as might be necessary to include Hugal's improvements, and that parol evidence was not admissible to vary such construction of the deed.

APPEAL from the District Court of the Fourth Judicial District, City and County of San Francisco.

This was an action of ejectment to recover possession of a portion of the German Rancho, in Sonoma County. It was originally commenced in the name of Edson Adams as plaintiff, in the Twelfth District Court, but subsequently Platt was substituted as plaintiff in place of Adams, and the cause was transferred for trial to the Court from which this appeal was taken.

The German Rancho is a tract of about four leagues of land, less than a league wide and more than four leagues long, lying between the Gualala River and the Pacific Ocean, having a general northwest and southeast direction, and being in form nearly a parallelogram. The plaintiff claimed a portion to the southeast of a line commencing on the ocean two leagues and a quarter southeasterly from the northwesterly corner of the ranch, and running thence at right angles

to the general shore line northeasterly to the Gualala River. The deed under which he claimed was, however, subsequent to a deed from the original owner of the ranch to one Frederick Hugal, containing the description given in the head note above. The line, as claimed by plaintiff, would cut off a portion of the land claimed by defendants to have been conveyed by the deed to Hugal; and the true location of the southerly or southeasterly line therefore became a question. On the trial it appears to have been admitted that the Hugal deed commenced at a point on the ocean shore one league and a quarter southeast of the mouth of the Gualala River and ran thence northeasterly to the river, thence southeasterly along the river one league. From the end of the call along the river the plaintiff claimed that the third call ran at right angles to the general course of the river to the ocean, a location which would make the Hugal land much less than a league; whereas defendants claimed that the call deflected at an obtuse angle and ran to the ocean in such a manner as to include a full league, and all of Hugal's improvements. The Court below seems to have regarded the Hugal deed as containing a latent ambiguity, and admitted parol testimony, against defendants' objections, of conversations at the time of the drawing of the Hugal deed, and tending to show the intention to have been to make such southern line the same as was claimed by plaintiff. There was a judgment for plaintiff as claimed by him; and, a motion for new trial having been overruled, defendants appealed from the judgment and order.

*W. H. Patterson* and *C. H. Sawyer*, for Appellants.

There is no ambiguity on the face of the deed to Hugal. The calls are definite, certain, and can be located on the ground from the description. The point of commencement is fixed on the ocean; thence the first call runs in a direct line to the northern boundary of said rancho one league. A

direct line is the shortest line, and of course it must be at right angles from the starting point, and would take the survey to the river, because that is the boundary opposite to the southern boundary, and it also corresponds in distance, being only one hundred chains less than a league. (*Allen* v. *Kingsbury*, 16 Pick. 235; *Northrop* v. *Sumney*, 27 Barb. 196.) The next call is "along the northern boundary one league." The description in terms does not say whether up or down the river, whether to the right or left; but the language following does determine because, after running one league, the survey is to run "in a southern direction to the Pacific Ocean so as to include the improvements and house of said Hugal, and to include a quantity of land equal to one Spanish league." It could only include such improvements and house and such league by running the second call up the river. The third call is also certain, because the quantity of land to be included is as much a part of the deed and calls as Hugal's house and improvements. (See *Doe* v. *Vallejo*, 29 Cal. 385.) No call is repugnant to another, nor any part ambiguous or doubtful; and in such case all other rules of construction are to be rejected. (*Pratt* v. *Woodward*, 32 Cal. 219; *Dodge* v. *Walley*, 22 Cal. 324.) There was, therefore, error in the Court below in admitting parol evidence to explain the deed or show the declarations or intent of the parties, other than as the same is to be gathered from the plain, unambiguous language employed in the deed itself. (3 Washburn on R. P. 347; *Seaman* v. *Hogeboom*, 21 Barb. 398.)

*McCullough & Boyd*, and *W. W. Crane, Jr.*, for Respondent.

The description in the Hugal deed, taken alone, could not be located. The vice of the location claimed is that it assumes that the Gualala River, which is on the east, constitutes the northern boundary, and also in assuming that

the second line must necessarily run southeasterly along the river. But the necessity of introducing parol evidence to locate the improvements of Hugal, demonstrates that there is a latent ambiguity in the description. How is it possible to run the second and third lines without ascertaining, in the first instance, where these improvements were? There is, therefore, enough of doubt to justify the adoption of the rule given by this Court in *Walsh* v. *Hill*, 38 Cal. 487, and *Stanley* v. *Green*, 12 Cal. 162; see, also, *Vance* v. *Fore*, 24 Cal. 436; *Kimball* v. *Semple*, 25 Cal. 442; *Mulford* v. *Le Franc*, 26 Cal. 89; *Saunders* v. *Clark*, 29 Cal. 304; *Reamer* v. *Nesmith*, 34 Cal. 626; 36 Cal. 122, 607; 38 Cal. 443, 483; *Salmon* v. *Wilson*, 41 Cal. 595; *Irwin* v. *Towne*, 42 Cal. 331.

Assuming, then, that there was a latent ambiguity in the deed, as to the location of the Hugal tract, the extrinsic circumstances shown by the testimony clearly demonstrate that the parties intended that the southern boundary should be a line commencing on the shore of the ocean, a little south of Hugal's house, and running thence a straight northeasterly course to the Gualala River. The intention was to convey to him one league in a square form; that is, in a tract, each of whose sides measured a league, one of which sides was the ocean, and one the river, the remaining two being at right angles to the ocean and river; and it was upon this construction that the Court below proceeded.

*W. H. Patterson* and *C. H. Sawyer*, for Appellants, in reply.

The fact that parol evidence is necessary to establish the possession of Hugal's improvements, does not make a latent ambiguity. If so, every deed contains a latent ambiguity, for the most definite landmark must be shown to exist as described in the deed. It is plain that the parties intended that Hugal should have a league of land and his house and improvements, but they did not know exactly how wide

the tract was, and therefore adopted this description. If the tract had proved more than a league wide this line would have been deflected up the coast, and Hugal would have had less than a league on the ocean. So, having proven less than a league in width, it must run down the coast for quantity. But if a latent ambiguity did exist the parol evidence should have been confined to the ambiguous matter, which, in this case, is claimed to be the doubt as to the improvements. This would not justify the admission of parol evidence as to other matters, and did not justify the evidence that this line was intended to run parallel to the first line, instead of so as to include a league of land according to the plain language of the deed.

By the Court, WALLACE, J.:

We are of opinion that the third call in the deed from Rufus to Hugal—in these words: " *Thence in a southern direction to the Pacific Ocean, so as to include the improvements and house of said Hugal, and to include a quantity of land equal to one Spanish league* "—imports that in approaching the ocean, the line must deflect from a right angle to such an extent as, at all events, will include one league of land in superficial area, and so much more than that quantity as may be necessary to include the improvements of Hugal as they existed in September, 1847. This results by construction of the terms of the deed itself, and parol evidence is not admissible to vary it in that respect.

The judgment is reversed, and the cause remanded for a new trial.

RHODES, J., specially concurring:

The first call in the deed from Rufus to Hugal commences at a point on the Pacific Ocean, and runs thence to a boundary of the rancho, called in the deed the northern boundary.

The parties agree as to this line; and it accords with the construction it gives to the deed. The boundary line which is intersected by that line is the only boundary line which that line will meet; and it will, therefore, be construed as the boundary line intended by the parties, though it is the northeastern rather than the northern boundary. Both parties agree that the second line runs along the northern boundary line southeasterly, and that its length is required to be exactly one league. I am not prepared to say that that is the true construction of the deed, so far as respects the length of the line; but as the parties agree in their construction, I accept it as correct. The deed requires the third line to be so run as to include within the boundaries of the tract conveyed the improvements of Hugal and one Spanish league of land. That is to say, the lines must include one league, and more than that area, should it be necessary to do so in order to inclose the improvements of Hugal. This is imperatively required by the proper construction of the deed. There is no latent ambiguity in the deed as to the quantity of land conveyed; and parol evidence is not admissible to show that a less quantity was intended to be conveyed, or that the third line should be run so as to inclose an area less than one square league.

I concur in the judgment.

Mr. Chief Justice SPRAGUE did not participate in the foregoing decision.